1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **EASTERN DISTRICT OF CALIFORNIA**

10

11   PECH SOK,                                    )  Case No.: 1:13-cv-00935-JLT
                                                  )
12              Petitioner,                        )  ORDER GRANTING/DENYING PETITIONER'S
                                                  )  MOTION TO STAY PROCEEDINGS (Doc. 3)
13        v.                                       )
                                                  )
14   SANDRA PENNYWELL,                             )  ORDER FOR PETITIONER TO FILE REGULAR
                                                  )  STATUS REPORTS
15              Respondent.                        )
     _____           )
16

17          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.

19                              **PROCEDURAL HISTORY**

20          The instant petition was filed on June 19, 2013.  (Doc. 1).  The petition raises the following

21   claims: (1) Petitioner's Fifth Amendment rights were violated when he was given Miranda warnings

22   despite his poor understanding of English; and (2) the trial court erred in permitting a third expert to

23   evaluate Petitioner's competency to stand trial.  (Doc. 1, p. 4).

24          On June 19, 2013, Petitioner filed the instant motion to stay proceedings in this case while he

25   exhausts additional claims in state court.  (Doc. 3).  Petitioner indicates that, in addition to the claims

26   already exhausted, he wishes to exhaust the following additional claims: (1) Petitioner's Fifth and

27   Sixth amendment rights were violated when police elicited incriminating statements from Petitioner

28   after his arrest; (2) the trial judge violated Petitioner's due process rights by using three experts

                                                    1

1   conclude that Petitioner was competent to stand trial; (3) ineffective assistance of trial counsel for

2   failing to conduct a reasonable pre-trial investigation; (4) Petitioner's due process rights were violated

3   when he was tried while incompetent; (5) Petitioner's Fifth Amendment rights were violated when the

4   prosecutor, in closing argument, indirectly referenced Petitioner's failure to testify; and (6) Petitioner

5   was denied the right to effective assistance of trial counsel because counsel failed to request that the

6   jury be polled after the verdict was read.  To date, Respondent has not filed an opposition to the

7   motion to stay proceedings.

8   **DISCUSSION**

9     Traditionally, a district court has had the discretion to stay a petition which it may validly

10   consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir.

11   1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997).

12   However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay

13   even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate

14   where there is no intention on the part of the Petitioner to delay or harass and in order to avoid

15   piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district

16   court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to

17   permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d

18   1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler,

19   269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

20     Notwithstanding the foregoing, until recently, federal case law continued to require that the

21   Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,

22   455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines

23   v. Weber, 125 S.Ct. 1528 (2005).   Recognizing that "[a]s a result of the interplay between AEDPA's

24   1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court

25   with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their

26   unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey"

27

28       [1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 125 S.Ct. at 1533-1534.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 125 S.Ct. at 1535.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

Here, Petitioner has timely filed a federal habeas petition containing two claims that he alleges are fully exhausted through his direct appeal.  He has also initiated state court habeas proceedings to exhaust four additional claims which he hopes to be able to include in the instant petition.  In his motion for a stay, Petitioner indicates that his state habeas petition was filed on February 19, 2013 in the Fresno County Superior Court and denied on March 28, 2013.  (Doc. 1, p. 7).  Petitioner appears to allege that he has now filed a similar habeas petition in the California Court of Appeal, Fifth Appellate District.  (Doc. 1, p. 3).

Because it appears that the two claims now raised in the petition are fully exhausted, Rhines is inapplicable and Petitioner appears to be proceeding under California's Kelly/Ford stay procedure.  Kelly, 315 F.3d at 1070; Ford, 305 F.3d at 882-883.  Under that procedure, unlike Rhines, the Court need not engage in an analysis of Petitioner's good faith or whether the potential claims have merit.  Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance.  See Taylor, 134 F.3d at 988 n. 11.  No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed,

3

the case numbers, and any outcomes.[1]  Further, Petitioner must proceed diligently to pursue his state court remedies, and **every sixty (60) days** after the filing of the initial status report Petitioner must file a *new* **status report** regarding the status of his state court habeas corpus proceedings.  Following final action by the state courts, Petitioner must promptly notify the Court of the state court's final determination.  At that juncture, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.  Kelly, 315 F.3d at 1071.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 3) is GRANTED;

2.  Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies as alleged in Petitioner's motion for stay (Doc. 3);

3.  Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4.  Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report; and

5.  Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

Dated: __**June 27, 2013**__                    _____**/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1]The filing should be entitled "Status Report."

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28